NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM SIMMERMAN and BARBARA SIMMERMAN, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> EIC ASSOCIATES, INC. et al.., <br><br> Defendants. | Civil Action No. 15-3607 (CCC) <br><br> **REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiffs' motion to remand this case to state court. [CM/ECF No. 12.] The motion is opposed. The Honorable Claire C. Cecchi, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiffs' motion to remand be **granted**.

## BACKGROUND

This is an action for personal injuries. Plaintiffs William Simmerman and Barbara Simmerman are citizens of Florida ("Plaintiffs"). (Compl.) Defendant EIC Associates, Inc. ("EIC") is a New Jersey corporation with its principal place of business in New Jersey. (Compl. ¶ 6.) Defendant Sterling Equipment, Inc. ("Sterling") is a New York

corporation with its principal place of business in Massachusetts.  (EIC's Notice of Removal ¶ 5.)

Plaintiff William Simmerman ("Plaintiff") was employed by EIC and was working as a dock builder on a barge sitting in navigable waters near the Statue of Liberty.  (Compl. ¶¶ 3, 5, 41.)   The barge was allegedly owned and/or operated by EIC and Sterling.  (Compl. ¶ 18.)  Plaintiff claims that he was working on a construction project on the barge when his foot went through a dilapidated mat, causing him to fall and sustain serious and permanent injury.  (Compl. ¶ 4.)

On April 23, 2015, Plaintiffs filed a Complaint in state court against EIC, Sterling, and several other defendants–Meyerrose and Co., Inc. ("Meyerrose")[1], Leading Edge Safety & Health ("Leading Edge") and M&B Crane, LLC ("M&B").  The seven count Complaint asserts causes of action for negligence and unseaworthiness, as well as claims under general maritime law, the Jones Act ("Jones Act"), 46 U.S.C. § 30104, and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b).

On May 28, 2013, EIC removed the action to this Court on grounds of diversity, federal question, and admiralty jurisdiction.[2]  Sterling filed a Notice of Removal on May 29, 2015, removing on the same grounds.  On June 10, 2015, Plaintiffs moved to remand this case to state court arguing that the removal was defective because EIC and Sterling

---

[1]The Complaint also names Meyerrose & Co, Inc. as a plaintiff in this case.  The two entities will be collectively referred to as "Meyerrose."

[2]EIC's Notice of Removal states that the case was removed pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1333 (admiralty, maritime and prize cases).

failed to obtain the consent of all defendants[3] and that removal was prohibited because EIC is a citizen of New Jersey.[4]  EIC and Sterling oppose the motion on several grounds.  First, they argue that Plaintiffs did not file a separate Notice of Motion with their moving papers as required by Rule 7.1 warranting denial of the remand motion.  Second, the defendants argue that removal was not prohibited notwithstanding that EIC is a citizen of New Jersey because the case was also removed on federal question and admiralty jurisdiction.  Third, EIC and Sterling maintain that the other defendants (Meyerrose, Leading Edge and M&B) were not properly served with process and therefore their consent was not required for removal.

## DISCUSSION

### A.  Standard for Removal.

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Removal is strictly construed and all doubts are resolved in favor of remand.  See

---

[3] See 28 U.S.C. § 1446(b)(2)(A).

[4] See 28 U.S.C. § 1441(b)(2).

Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

B. **Plaintiff's non-compliance with Local Civil Rule 7.1.**

EIC and Sterling argue that Plaintiffs failed to file a separate Notice of Motion containing the return date as required by Local Civil Rule 7.1 and that the motion to remand should be denied due to Plaintiffs' non-compliance with the Rule. District courts have broad discretion in interpreting and applying their local rules. See Boswell v. Eoon, 452 Fed. Appx. 107, 111-112 (3d Cir. 2011). The court has discretion to depart from the strictures of its own procedural rules where doing so does not unfairly prejudice a party. See Patyrak v. Apgar, No. 10-6800, 2012 WL 2118743 (D.N.J. June 11, 2012).

Here, Plaintiffs did not file a separate Notice of Motion containing a return date; instead they filed a single document entitled "Motion to Remand" within which they incorporated their arguments. While the Court is concerned with Plaintiffs' non-adherence to the Rule, in the interest of justice, it exercises its discretion not to require Plaintiffs' strict compliance in this instance. The Court can find no discernable prejudice, nor do EIC or Sterling contend they have suffered any, as a result of Plaintiffs' failure to file a separate Notice of Motion. Plaintiffs' arguments were set forth in their submission. Defendants therefore were apprised of the basis for Plaintiffs' motion and the grounds upon which they seek remand. The fact that no separate Notice of Motion containing a return date accompanied Plaintiffs' moving papers does not rise to such an egregious departure from the Rule so as to deprive the defendants of fair notice warranting denial of the motion.

Moreover, Plaintiffs' remand motion is grounded on a jurisdictional defect which can be raised at any time. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). To deny the remand motion for failure to comply with Rule 7.1 only to have Plaintiffs file it again would be a waste of the Court's and litigants' time and resources. Lastly, the Court has an independent obligation to insure that a case is properly before it. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003). For these reasons, the Court will not deny the motion and will make a jurisdictional analysis to determine if the case belongs here.

### C. Jurisdictional analysis.

The burden is on EIC and Sterling to demonstrate that this case is properly before the Court. See Samuel-Bassett, 357 F.3d at 396. Defendants' Notices of Removal provide that this case was removed on diversity, federal question, and admiralty jurisdiction. For the reason stated below, the Court finds defendants failed to establish jurisdiction and therefore the case should be remanded.

### (1) No diversity jurisdiction

Section 1441(b)(2) governing removal on grounds of diversity provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is known as the "forum defendant rule." Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 642 (D.N.J.). Here, EIC is a citizen of New Jersey for

purposes of jurisdictional analysis. See 28 U.S.C. § 1332(c). EIC is therefore barred by the "forum defendant rule" from removing the case to this Court.

**(2) <u>No federal question jurisdiction</u>**

Cases based on federal question jurisdiction are removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The Notices of Removal filed by EIC and Sterling state that the case is removed pursuant to 28 U.S.C. § 1331–federal question jurisdiction. The Notices, however, neglect to identify precisely what federal question defendants claim would be before this Court. Their opposition brief is also devoid of any argument as to the purported basis for federal question jurisdiction. Instead, defendants rely on Plaintiffs' failure to contest federal question jurisdiction in their opposition brief as a basis to keep the case here.[5] The fact that Plaintiffs did not challenge this ground for removal does not, by default, create jurisdiction. Indeed, regardless of whether Plaintiffs addressed this argument in their papers, this Court has an independent obligation to insure that there is jurisdiction. See <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76-77 (3d Cir. 2003). It is defendants' burden to demonstrate that this Court has federal question jurisdiction. They have failed

---

[5]Plaintiffs' submission states that defendants removed the case on diversity jurisdiction only. Apparently, Plaintiffs were mistaken. Plaintiffs addressed removal on the bases of federal question and admiralty jurisdiction in their reply brief. As will be discussed more fully below, admiralty and maritime claims do not arise under federal law. <u>Tennessee Gas Pipeline v. Houston Cas. Inc.</u>, 87 F.3d 150, 153 (5th Cir. 1996) (citing <u>Romero v. Int'l Term. Operating Co.</u>, 358 U.S. 354 (1959)).

to do.[6]

### (3) No admiralty jurisdiction

The relevant statue providing jurisdiction over admiralty actions provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

28 U.S.C. § 1333(1) (emphasis added). The emphasized language, known as the saving-to-suitors clause, has the following effect on the removability of an admiralty action:

> Admiralty excepts a class of cases from the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant. Common law maritime cases filed in state court *are not removable to federal court, due to [the] "saving to suitors clause. . . .* [T]his clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea.

Auerbach v. Tow Boat U.S., 303 F. Supp. 2d 538, 542 (D.N.J. 2004) (quoting Pierpoint v. Barnes, 94 F.3d 813, 816 (2d Cir. 1996) (emphasis added)). Therefore, "an admiralty claim does not arise under the federal constitution, treaties, or laws, and cannot be removed freely to federal court under section 1441." Auerbach, 303 F. Supp. 2d at 542 (quoting Romero v. Int'l Term. Operating Co., 358 U.S. 354, 371-72 (1959)). It is "the unquestioned aim" of the saving-to-suitors clause to preserve the concurrent jurisdiction of state courts in admiralty actions. Romero, 358 U.S. at 372. Admiralty claims therefore

---

[6] Although defendants have not asserted this argument, it bearing noting that admiralty claims do not fall within the scope of federal question jurisdiction. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001).

are removable only where original jurisdiction is based upon something other than admiralty.  Tennessee Gas Pipeline v. Houston Cas. Inc., 87 F.3d 150, 153 (5th Cir. 1996) (citing Romero v. Int'l Term. Operating Co., 358 U.S. 354 (1959)).

Plaintiffs originally filed their admiralty claims in state court.  There is no independent basis for removal–federal question or diversity.  Thus, Plaintiffs' admiralty claims are barred from removal to federal court.  See Allstate New Jersey Ins. Co. v. Jersey Shore Marine Services, Inc., 2007 WL 556881 (D.N.J. Feb. 15, 2007) (citing Romero, 358 U.S. at 371-72).  Because the LHWCA does not create subject matter jurisdiction supporting removal, Plaintiffs' alternative claim under the LHWCA similarly is not removable.  See Riley v. F.A. Richard & Assoc., Inc., 46 Fed. Appx. 732, 1001 WL 1973771 *3 (5th Cir. Aug. 1, 2002) (citing Aaron v. Nat'l Fire Ins. Co. of Pittsburgh, 876 F.2d 1157, 1164 (5th Cir. 1989) (claims under LHWCA not removable as entirely prempted).  Finally, Plaintiffs' Jones Act claim is not removable to this Court.  See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001) (citing 28 U.S.C. § 1445(a) (incorporated by reference into the Jones Act, 46 U.S.C.App. § 688(a))).

## CONCLUSION

In sum, EIC and Sterling have failed to satisfy their burden of establishing that the case is properly before this Court.  For the reasons set forth, it is respectfully recommended that Plaintiffs' motion to remand be **GRANTED**.

                                           **s/Mark Falk**
                                           **MARK FALK**
                                           **United States Magistrate Judge**

**Dated: September 11, 2015**